**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH**

| | |
|---|---|
| **JOHN DOE,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**RENTGROW, INC.,**<br><br>**Defendant.** | **RULING & ORDER**<br><br>**Case No. 2:23-cv-00883**<br><br>**District Court Judge David Barlow**<br><br>**Magistrate Judge Dustin B. Pead** |

Before the Court is Plaintiff John Doe's ("Plaintiff") pending Motion for Leave to Proceed under Pseudonym or, in the alternative, for entry of a Protective Order.[1] After Defendant RentGrow ("RentGrow" or "Defendant") filed its Answer,[2] the Court requested a Response to the pending Motion.[3] RentGrow filed a Response on January 16, 2024[4] and Plaintiff filed a Reply on January 30, 2024.[5]

Upon review of the parties' memoranda along with relevant legal authorities, the Court rules as set forth herein and denies Plaintiff's Motion.

---

[1] ECF No. 5, Plaintiff's Motion for Leave to Proceed Under Pseudonym Or, In the Alternative, For Entry of a Limited Protective Order.

[2] ECF No. 9, Answer to Complaint.

[3] ECF No. 10, Docket Text Order ("No later than January 17, 2024, Defendant to file a response or notice of non-opposition to Plaintiff's Motion for Leave to Proceed Under Pseudonym").

[4] ECF No. 19, Defendant's Response to Motion for Leave to Proceed Under Pseudonym.

[5] ECF No. 24, Plaintiff's Reply In Support of Motion for Leave to Proceed Under Pseudonym.

**BACKGROUND**

The allegations set forth here are taken from Plaintiff's complaint.[6] In 2020, Plaintiff pursued expungement of his 1988 criminal conviction and paid approximately $160 to expunge his record in compliance with Utah law.[7] On January 27, 2020, Plaintiff received a letter from the Utah Department of Public Safety indicating that his conviction had been successfully expunged.[8]

In September 2023, Plaintiff toured the San Marino apartment complex ("San Marino") with the intention of securing a lease for an apartment located near his "workplace and romantic partner."[9] After the tour, Plaintiff submitted his rental application.[10] As part of the rental process San Marino requested, and Defendant RentGrow provided, a Tenant Screening Report ("Report") for Plaintiff.[11] The Report included information on Plaintiff's expunged criminal conviction.[12] Thereafter, Plaintiff received a letter from San Marino denying his housing application and citing to Plaintiff's criminal history as the reason for the denial.[13]

Plaintiff emailed RentGrow to dispute the inclusion of his expunged criminal record in the Report.[14] On October 18, 2023, Plaintiff received correspondence from Defendant indicating that it had reinvestigated the dispute.[15] Attached to the correspondence Defendant provided a

---

[6] ECF No. 1, Complaint.

[7] *Id.* at ¶¶ 39, 40.

[8] *Id.* at ¶ 42.

[9] *Id.* at ¶ 44.

[10] *Id.* at ¶¶ 45, 48.

[11] *Id.* at ¶ 50.

[12] *Id.* at ¶ 51.

[13] *Id.* at ¶ 63.

[14] *Id.* at ¶ 67.

[15] *Id.* at ¶ 69.

corrected Report with information about Plaintiff's expunged criminal record having been removed.[16]

On December 6, 2023, Plaintiff filed a one-count complaint against RentGrow alleging violation of the Fair Credit Reporting Act ("FCRA") for "Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy."[17] As alleged in the complaint, Plaintiff seeks to recover "actual, statutory, and punitive damages as provided by the FCRA"[18] which he describes as:

> [l]oss of housing opportunities; loss of time and money trying to correct the tenant screening report; the expenditure of labor and effort disputing and trying to correct the inaccurate reporting; damage to his reputation; loss of sleep; lasting psychological damage; loss of capacity for enjoyment of life; and emotional distress, including mental anguish, anxiety, fear, frustration, humiliation, and embarrassment.[19]

**LEGAL STANDARDS**

The Federal Rules of Civil Procedure do not explicitly allow for "suits by persons using fictitious names or for anonymous plaintiffs"[20] and proceeding under pseudonym "is, by all

---

[16] *Id.* at ¶ 68.

[17] *Id.* at ¶¶ 89-96; 15 U.S.C. §1681e(b).

[18] *Id.* at p. 15.

[19] *Id.* at ¶ 94.

[20] *National Commodity & Barter Association, National Commodity Exchange v. Gibbs,* 886 F.2d 1240, 1245 (10th Cir. 1989); *see also* Fed. R. Civ. P. 10 ("the title of the complaint must name all the parties"); Fed. R. Civ. P. 17(a) ("An action must be prosecuted in the name of the real party in interest").

accounts, an unusual procedure."[21] Courts do however recognize "exceptional circumstances" that may warrant "some form of anonymity in judicial proceedings."[22]

A court has broad discretion in deciding whether to allow a party to proceed under a pseudonym.[23] In making the decision to preserve anonymity, a court must weigh "exceptional circumstances" with "the public's interest in access to legal proceedings."[24]

**DISCUSSION**

In the instant Motion, Plaintiff requests leave to proceed under a pseudonym.[25] Plaintiff argues that without the ability to proceed anonymously, his name and expunged criminal record will become public and he will be stripped "of the protections which his expungement and the FRCA afford him."[26] In response, Defendant asserts that Plaintiff has not established

---

[21] *Doe v. Weber State University,* 2021 U.S. Dist. LEXIS 210538 at *6 (D. Utah Oct. 29, 2021) (*citing Femedeer v. Haun,* 227 F.3d 1244, 1246 (10th Cir. 2000) (internal quotation marks omitted)).

[22] *Free Speech Coalition v. Anderson,* 2023 U.S. Dist. LEXIS 111976 at *4 (D. Utah June 27, 2023) *(citing Femedeer,* 227 F.3d at 1246).

[23] *United States DOJ v. Utah DOC,* 2017 U.S. Dist. LEXIS 34882 at *3 (D. Utah March 10, 2007) (unpublished) (*citing Lindsey v. Dayton-Hudson Corp.,* 592 F.2d 1118, 1125 (10th Cir. 1979)); *M.M. v. Zavaras,* 139 F.3d 798, 803 (10th Cir. 1998) (internal quotation marks omitted) (the court's decision to allow a pseudonym is based on "informed discretion, after taking all relevant factors into consideration").

[24] *Id.*

[25] *Gibbs,* 886 F.2d at 1245 (absent permission by the court to proceed under pseudonym, "the federal courts lack jurisdiction over the unnamed parties."); *Weber State University,* at *5 (*citing Geico General Insurance Company v. M.O.,* 2021 U.S. Dist. LEXIS 187843 at *16 (D. Kan. 2021) ("A motion for leave to proceed under pseudonym set[s] in motion the proper procedure to ensure the district court's jurisdiction")).

[26] ECF No. 5 at 3.

"exceptional circumstances" and argues that any alleged need for anonymity is outweighed by the presumption in favor of open courts.[27]

**1. Plaintiff Does Not Establish Exceptional Circumstances**

Lawsuits are public events and there is no legal right to anonymity.[28] Yet the presumption of open courts can yield to anonymity when exceptional circumstances are exist.[29] Situations involving exceptional circumstances include: "[1] matters of a highly sensitive and personal nature, [2] real danger of physical harm, or [3] where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity."[30] Plaintiff does not establish "exceptional circumstances" necessary to proceed under pseudonym.

Plaintiff does not have a legitimate expectation of privacy in his criminal history and the expungement of his criminal records does not alter this conclusion.[31] Yet, Plaintiff argues that exceptional circumstances exist because Defendant cannot be allowed to injure his "legally protected interest in expungement and then demand to replicate the injury by insisting that plaintiff seek relief for that injury in his own name."[32] This is not a case, however, where the injury litigated against would be incurred based on the disclosure of Plaintiff's identity. Indeed, in order for this exception to apply the "injury complained of cannot have already occurred."[33]

---

[27] ECF No. 19.

[28] *Zavaras,* 139 F.3d at 803 (internal quotation marks omitted).

[29] *Id.; Weber State University,* at *6 (*citing Gibbs,* 886 F.2d at 1245).

[30] *Gibbs,* 886 F.2d at 1245.

[31] *Nilson v. Layton City,* 45 F.3d 369, 372 (10th Cir. 1995) (*citing Mangels v. Pena,* 789 F.2d 836, 839 (10th Cir. 1986) ("[A] validly enacted law places citizens on notice that violations thereof do not fall within the realm of privacy. Criminal activity is thus not protected by the right to privacy").

[32] ECF No. 24 at 2.

[33] *Doe v. Bd of Regents of the University of Colorado,* 2022 U.S. Dist. LEXIS 2050 at *9 (D. Colo. Jan. 5, 2022) (unpublished); *But c.f., E.B. v. Landry,* 2020 U.S. Dist. LEXIS 177721 at *3 (M.D. La. Sept. 28,

Here, Plaintiff is not suing to prevent disclosures from being made. Rather, he "seeks monetary compensation for a disclosure that has already occurred."[34] As a result, Plaintiff does not establish the "exceptional circumstances" that are necessary to allow him to proceed anonymously.[35]

**2. Public Interest In Open Court Proceeding**

Next, the court considers Plaintiff's asserted need for anonymity in conjunction with the general presumption in favor of open court proceedings.[36] Plaintiff asserts that requiring him to proceed without a pseudonym is "the equivalent of attaching a bullhorn to Defendant's falsity."[37]

---

2020) (allowing plaintiffs to proceed under pseudonym where the basis of the lawsuit was to prevent disclosure of their identities and plaintiffs sought "declaratory and injunctive relief prohibiting the conditioning on the availability of expungement on someone's ability to pay").

[34] *Xingfei Luo v. Wang,* 71 F.4th 1289, 1300 (10th Cir. 2023) (*citing Raiser v. Church of Jesus Christ of Latter-Day Saints,* 182 F. Appx. 810, 812 n.2 (10th Cir. 2006)); *Id.*(*citing Doe v. FBI,* 218 F.R.D. 256, 257-58 (D. Colo. 2003) (denying motion to proceed under pseudonym because "[t]he injury of which Plaintiff complains. . . has already occurred. Plaintiff is not suing in this Court in order to prevent the disclosure of his private File; rather, he is suing for compensation for disclosure that has already happened"));*see also Patton v. Entercom Kan. City, LLC*, 2013 U.S. Dist. LEXIS 96635 at *5-6 (D. Kan. July 11, 2013) (internal quotation marks omitted) ("Taking plaintiff's allegations as true, the injury already occurred. She is not suing to prevent disclosures from being made; rather, she is suing for compensation for disclosures that have been made. The evidence presented shows that the 'cat is already out of the bag,' and the Court will not attempt to put it back").

[35] *Doe v. Rentgrow, Inc.,* 2023 U.S. Dist. LEXIS 114789 at *5 (D. Mass July 5, 2023) ("plaintiff fails to demonstrate how his request for anonymity satisfies the First Circuit's high standard for 'exceptional cases'").

[36] *Weber State University,* 2021 U.S. Dist. LEXIS 210538 at *7 (*quoting Femedeer,* 227 F.3d at 1246); *Raiser,* 127 F. App'x at 411 ("A plaintiff should not be permitted to proceed under a pseudonym unless the need for anonymity outweighs the public interest in favor of openness").

[37] ECF No. 19 at 7.

Plaintiff points to the enactment of Utah's expungement laws as evidence of a "reduced" public interest in his criminal records.[38]

Plaintiff is unable to identify any particularized facts supporting his claim for a "risk of harm" from litigating under his true identity and reputational concerns alone are not sufficient to outweigh the public interest in an open court system.[39] Indeed, without specific and identifiable risks, the "public's interests are presumptively paramount against those advanced by the parties. . . and [t]he nature of the legal system requires that those using the courts must be prepared to accept the public scrutiny that is an inherent part of public trials."[40]

**3. Plaintiff Does Not Establish Good Cause For The Protective Order Proposed**

Plaintiff fails to establish good cause for the entry of a Protective Order that seeks to broadly preclude the public filing of any documents or pleadings referencing his name or the facts of the case.[41] Essentially, the scope of Plaintiff's request would require nearly every document to be filed under seal. Absent good cause, Plaintiff's proposed restrictions contravene the local rule on sealing documents, conflict with the public's interest in open judicial proceedings and appear to be a "workaround" to Plaintiff's failure to establish "exceptional

---

[38] *Id.* at 8.

[39] *Weber State University,* at *7 (*citing Gibbs,* 886 F.2d at 1245) ("Embarrassment is insufficient"); *see also Doe v. Rentgrow, Inc.,* 2023 U.S. Dist. LEXIS 183080 at *6 (D. Nev. Aug. 3, 2023) ("The possible ramifications of revealing Plaintiff's prior expungement of his conviction do not serve as sufficient bases to support allowing Plaintiff to proceed under a pseudonym.").

[40] *Id.* (internal citation and quotation omitted); *Doe v. United States Healthworks, Inc.,* 2016 U.S. Dist. LEXIS 203659 at *12 (C. Dist. Cal. Feb. 4, 2016) (finding a minimal privacy interest implicated by requiring plaintiff to proceed under his real name because the information "would only be obtainable after a diligent search of courthouse files").

[41] Fed. R. Civ. P. 26(c).

circumstances".[42] Accordingly, Plaintiff's request for the entry of a Protective Order as proposed by Plaintiff is denied.

Given the circumstances, however, the court recognizes Plaintiff's privacy concerns. As a result, the parties are strongly encouraged to meet and confer to discuss the language, and entry, of a stipulated proposed protective containing additional provisions which help assuage Plaintiff's confidentiality concerns.[43]

## CONCLUSION

Upon review, the court concludes that Plaintiff has not established "exceptional circumstances" necessary to proceed anonymously and any request for anonymity is outweighed by the public interest in open courts. For these reasons, the Court denies Plaintiff's Motion To Proceed Under Pseudonym or, in the alternative, Motion for Protective Order.[44] Within fifteen days of the date of this ruling, Plaintiff shall file an Amended Complaint utilizing his true name and identity.[45]

---

[42] DUCivR 5-3 ("The records of the court are presumptively open to the public. The sealing of pleadings, motions, memoranda, exhibits, and other documents or portions thereof (Documents) is high discouraged").

[43] This process should be further discussed and incorporated in the parties' Attorney Planning Meeting Report General Civil Case for cases filed on or after December 1, 2023. *See*, https://www.utd.uscourts.gov/civil-case-scheduling. It appears the parties have submitted an Attorney Planning Meeting Report for cases filed before December 1, 2023. This case, however, was filed on December 6, 2023. (ECF No. 1.) *See* District of Utah General Order 23-12.

[44] ECF No. 5.

[45] *W.N.J. v. Yocom,* 257 F. 3d 1171, 1172 (10th Cir. 2001) (citation omitted) (without permission to proceed under pseudonym "the federal courts lack jurisdiction over the unnamed parties, as a case has not been commenced with respect to them.")

DATED this 7th day of February, 2024.

BY THE COURT:

Dustin B. Pead
U.S. District Magistrate Judge