THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| DARREN MILLER,<br><br>             Plaintiff,<br><br>v.<br><br>CLEARA, LLC,<br><br>             Defendant. | **MEMORANDUM DECISION AND ORDER DENYING [38] DEFENDANT CLEARA, LLC'S MOTION TO DISMISS**<br><br>Case No. 2:23-cv-00883-DBB-DBP<br><br>District Judge David Barlow |

Before the court is Defendant Cleara, LLC's ("Cleara") motion to dismiss all of Plaintiff Darren Miller's claims against it for lack of personal jurisdiction.[1] For the following reasons, the court denies Cleara's motion.

## BACKGROUND

The Second Amended Complaint ("Amended Complaint") alleges that Cleara is a consumer reporting agency which prepares files on consumers and sells reports to "mortgage brokers, landlords, and property management companies who use the reports to make decisions regarding prospective borrowers and tenants."[2] Cleara is registered in Pennsylvania and has a principal place of business in Maryland.[3]

In 2020, at Mr. Miller's request, the State of Utah expunged a 1988 criminal conviction.[4] In 2023, Mr. Miller submitted a rental application to the San Marino Apartments, located in

---

[1] Def. Cleara, LLC's Mot. to Dismiss ("Def.'s Mot."), ECF No. 38.
[2] Second Am. Compl. ("Am. Compl.") ¶¶ 2, 17, ECF No. 32.
[3] Am. Compl. ¶ 16.
[4] *Id.* ¶¶ 40–43.

1

Utah.[5] San Marino requested a rental screening report from RentGrow, Inc.[6] The report provided by RentGrow included the expunged conviction, as well as an inaccurate case number, and a note that suggested that Mr. Miller was presently incarcerated.[7] The Amended Complaint alleges that RentGrow relied upon a report from Cleara in compiling its own report.[8] San Marino denied Mr. Miller's rental application based upon the information it received from RentGrow.[9]

Mr. Miller filed this case, alleging a claim against Cleara under the Fair Credit Reporting Act ("FCRA").[10] Cleara moved to dismiss for lack of personal jurisdiction on April 15, 2024.[11] This motion was fully briefed on May 31, 2024.[12]

## STANDARD

For purposes of a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2), "[a] district court has discretion to resolve such a motion in a variety of ways—including by reference to the complaint and affidavits, a pre-trial evidentiary hearing, or sometimes at trial itself."[13] "The Plaintiff bears the burden of establishing personal jurisdiction over the defendant."[14] If the court holds an evidentiary hearing, the plaintiff must prove personal jurisdiction by a preponderance of the evidence.[15] However, if the court resolves the motion without holding an evidentiary hearing "the plaintiff need only make a prima facie showing of

---

[5] *Id.* ¶¶ 44, 49.
[6] *Id.* ¶ 50. RentGrow was originally a party to this case but has since been dismissed pursuant to a stipulation. *See* ECF No. 51.
[7] Am. Compl. ¶¶ 51–57.
[8] *Id.* ¶¶ 61–62.
[9] *Id.* ¶¶ 87, 90.
[10] *Id.* ¶¶ 116–23.
[11] *See* Def.'s Mot.
[12] *See* Pl.'s Opp'n to Def. Cleara, LLC's Mot. to Dismiss ("Pl.'s Opp'n"), ECF No. 42; Def. Cleara, LLC's Reply Mem. in Support of its Mot. to Dismiss ("Def.'s Reply"), ECF No. 48.
[13] *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1069 (10th Cir. 2008).
[14] *OMI Holdings, Inc. v. Royal Ins. Co. of Can.*, 149 F.3d 1086, 1091 (10th Cir. 1998).
[15] *Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 773 (10th Cir. 1997).

personal jurisdiction to defeat the motion."[16] "The plaintiff may make this prima facie showing by demonstrating, via affidavit or other written materials, facts that if true would support jurisdiction over the defendant."[17] The court must accept the factual allegations of the complaint as true "to the extent they are uncontroverted by the defendants' affidavits. If the parties present conflicting affidavits, all factual disputes are resolved in the plaintiff's favor[.]"[18] And "[i]n order to defeat a plaintiff's prima facie showing of jurisdiction, a defendant must present a compelling case demonstrating 'that the presence of some other considerations would render jurisdiction unreasonable.'"[19]

## DISCUSSION

A federal court determines personal jurisdiction over a defendant in a federal question case through application of the following test: "whether the applicable statute potentially confers jurisdiction by authorizing service of process on the defendant" and "whether the exercise of jurisdiction comports with due process."[20]

Federal Rule of Civil Procedure 4 provides that service of process establishes personal jurisdiction over a defendant "who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located."[21] Utah's long-arm statute reads:

> [A]ny person or personal representative of the person, whether or not a citizen or resident of this state, who, in person or through an agent, does any of the following

---

[16] *OMI Holdings*, 149 F.3d at 1091.
[17] *Id.*
[18] *Rambo v. Am. S. Ins. Co.*, 839 F.2d 1415, 1417 (10th Cir. 1988) (quoting *Behagen v. Amateur Basketball Ass'n of the U.S.*, 744 F.2d 731, 733 (10th Cir. 1984), *cert. denied*, 471 U.S. 1010 (1985)).
[19] *OMI Holdings*, 149 F.3d at 1091 (quoting *Burger King*, 471 U.S. at 477).
[20] *Klein v. Cornelius*, 786 F.3d 1310, 1317 (10th Cir. 2015) (quoting *Peay v. BellSouth Med. Assistance Plan*, 205 F.3d 1206, 1209 (10th Cir. 2000)).
[21] *See* Fed. R. Civ. P. 4(k)(1)(A).

enumerated acts, is subject to the jurisdiction of the courts of this state as to any claim arising out of or related to:

(1) the transaction of any business within [Utah];

. . . [and]

(3) the causing of any injury within [Utah] whether tortious or by breach of warranty[.][22]

The Utah Code provides that this provision, "to ensure maximum protection to citizens of [Utah], should be applied so as to assert jurisdiction over nonresident defendants to the fullest extent permitted by the due process clause of the Fourteenth Amendment to the United States Constitution."[23] Therefore, the two-step inquiry hinges entirely on the due process prong.[24]

Under the due process clause, "[p]ersonal jurisdiction can be acquired through either general jurisdiction or specific jurisdiction."[25] "A court with general jurisdiction may hear *any* claim against [a] defendant, even if all the incidents underlying the claim occurred in a different state,"[26] but general jurisdiction is proper only if the defendant is "essentially at home" in the forum state.[27] For entities, "the place of incorporation and principal place of business are 'paradig[m] . . . bases for general jurisdiction.'"[28] Here, the Amended Complaint alleges, and a declaration from Cleara's CEO confirms, that Cleara is a Pennsylvania LLC that has its principal

---

[22] Utah Code § 78B-3-205; *see also id.* § 78B-3-202(1) ("The words 'any person' mean any individual, firm, company, association, or corporation."); *id.* § 78B-3-207 ("Only claims arising from acts enumerated in this part may be asserted against a defendant in an action in which jurisdiction over him is based upon this part.").
[23] *Id.* § 78B-3-201(3).
[24] *See XMission, L.C. v. Fluent LLC*, 955 F.3d 833, 839 (10th Cir. 2020) ("Utah's long-arm statute . . . confers jurisdiction 'to the fullest extent permitted by the due process clause of the Fourteenth Amendment to the United States Constitution" and therefore "[t]he two-step analysis thus collapses here into a single due-process inquiry.").
[25] *XMission*, 955 F.3d at 840; *accord Bristol-Myers Squibb Co. v. Superior Ct. of Cal.*, 582 U.S. 255, 262 (2017).
[26] *Bristol-Myers*, 582 U.S. at 262.
[27] *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011).
[28] *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (alterations in original) (quoting *Goodyear Dunlop Tires*, 564 U.S. at 735).

place of business in Maryland.[29] Indeed, Mr. Miller does not argue that the court has general jurisdiction over Cleara.[30] Accordingly, the court turns to specific jurisdiction.

In contrast to general jurisdiction, specific jurisdiction permits a court to hear only those claims that arise out of or relate to the defendant's contacts with the forum.[31] Specific jurisdiction requires that the defendant have "minimum contacts" with the forum state and that the "maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"[32]

The court first considers whether Mr. Miller has carried his burden in making a prima facie showing that Cleara had minimum contacts with Utah. Minimum contacts exist when "there [is] some act by which [a] defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws."[33] This "requirement ensures that a defendant will not be hailed into a jurisdiction as a result of 'random,' 'fortuitous,' or 'attenuated' contacts, or of the 'unilateral activity of another party or a third person.'"[34] And as noted above, the minimum contacts analysis requires that the

---

[29] *See* Am. Compl. ¶ 16; Decl. of Joseph Davidson ¶¶ 2–3, ECF No. 38-1.
[30] *Cf.* Pl.'s Opp'n 3–13 (arguing only that the court has specific jurisdiction).
[31] *Bristol-Myers*, 582 U.S. at 262.
[32] *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1941)); *accord World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291–92 (1980); *see also* 4 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1067.2 (4th ed., April 2023 Update).
[33] *Hanson v. Denckla*, 357 U.S. 235, 253 (1958); *see also World-Wide Volkswagen*, 444 U.S. at 297 (suggesting minimum contacts exist when "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there").
[34] *Burger King*, 471 U.S. at 475 (citations omitted) (quoting *Keeton v. Husler Mag., Inc.*, 465 U.S. 770, 774 (1984); *World-Wide Volkswagen*, 444 U.S. at 299; *Helicopteros Nacionales de Colombia, S.A., v. Hall*, 466 U.S. 408, 417 (1984)).

suit arise from the contacts.[35] Thus, "[i]n judging minimum contacts, a court properly focuses on 'the relationship among the defendant, the forum, and the litigation.'"[36]

Mr. Miller argues that the facts alleged in the Amended Complaint show that Cleara purposefully directed its activities at Utah.[37] Primarily, he suggests that purposeful availment is established because the Amended Complaint alleges that Cleara's database was compiled based on Utah public records, and that Cleara knew that Mr. Miller resided in Utah and used his Utah address to generate the report for RentGrow.[38] Cleara argues that it did not purposefully direct any of its activities at Utah.[39] Indeed, Cleara's CEO declares that it provides other businesses access to its database, and that Cleara has no control over how its customers will use that database.[40] Further, he declares that while RentGrow had access to the database, such data was not transmitted to Utah; instead, it was transmitted to RentGrow in Massachusetts.[41]

Cleara's CEO's declaration rebuts a number of the allegations in the Amended Complaint that support personal jurisdiction. However, this declaration does not speak to how Cleara collects the data it sells to others. Therefore, the court turns to whether collecting data from a jurisdiction may be sufficient to establish purposeful availment.

Neither party cites any apposite caselaw.[42] However, in the context of similar internet-based activities, the Tenth Circuit has instructed that an internet user or site must intentionally

---

[35] *See Bristol-Myers*, 582 U.S. at 262.
[36] *Calder v. Jones*, 465 U.S. 783, 788 (1984) (quoting *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977)).
[37] Pl.'s Opp'n 6–8.
[38] *Id.* at 7 (quoting Am. Compl. ¶¶ 63–70).
[39] Def.'s Mot. 6–10.
[40] Davidson Decl. ¶¶ 15–16.
[41] *Id.* ¶¶ 19–20.
[42] In its motion and on reply, Cleara cites to *Briskin v. Shopify, Inc*, 87 F.4th 404 (9th Cir. 2023), *vacated by* 101 F.4th 706 (9th Cir. 2024) (mem.), for the proposition that data collection activities do not satisfy the purposeful availment prong of the personal jurisdiction analysis. While *Briskin* found personal jurisdiction lacking for Shopify, it also stated "we do not suggest that the extraction and retention of consumer data can never qualify as express

6

direct "its activity or operation at the forum state"; simply "having the activity or operation accessible" from the forum is insufficient.[43] Here, the Amended Complaint alleges that "Cleara obtains criminal record information from Utah courts and Utah public records."[44] This allegation suggests that Cleara intentionally collects data from Utah.[45] It does not suggest that Cleara passively collects data through means entirely outside of or not aimed at the state. At this stage, this is sufficient to make out a prima facie case that Cleara purposefully directed its activities at Utah, given that Defendants have not sought to rebut this allegation.[46]

Next, Cleara argues that the court lacks personal jurisdiction over it because Mr. Miller's injuries do not arise from Cleara's actions.[47] Of course, specific jurisdiction requires that "the suit 'arise out of or relate to the defendant's contacts with the forum.' The first half of [this] standard asks about causation; but the back half, after the 'or,' contemplates that some relationships will support jurisdiction without a causal showing."[48] Here, Mr. Miller's claim is based upon information collected by Cleara from Utah court and other Utah public records about

---

aiming." *Id.* at 423. Additionally, before Cleara submitted its reply brief, the Ninth Circuit vacated *Briskin*, pending rehearing en banc. *Briskin v. Shopify, Inc.*, 101 F.4th 706 (9th Cir. 2024) (mem.). And, of course, *Briskin* would not in any event bind any court outside of the Ninth Circuit. Likewise, Cleara discusses at length *XMission L.C. v. Fluent LLC*, 955 F.3d 833 (10th Cir. 2020). *See* Def.'s Mot. 7–8, 9. However, *XMission* is inapposite. There, the Tenth Circuit held that the defendant had not purposefully availed itself of the forum because a third-party over which the defendant lacked any control had sent emails for the purpose of collecting data for the defendant. *See XMission*, 837, 846–49, 849–50. The allegation here is that Cleara itself, not some third-party, intentionally collected data from Utah public records and Utah courts. *See* Am. Compl. ¶ 63. *XMission* does not hold, as Cleara suggests, that data collection is categorically insufficient to establish personal jurisdiction. *Cf.* Def.'s Mot. 9.
[43] *Shrader*, 633 F.3d 1235, 1240 (10th Cir. 2011).
[44] Am. Compl. ¶ 63.
[45] *Cf.* Davidson Decl. ¶ 16 ("Cleara's product is not a state specific service.").
[46] Neither of Mr. Davidson's declarations speak to how Cleara collects its data. *Cf.* Davidson Decl.; Amended Decl. of Joseph Davidson, ECF No. 48-1.
[47] Def.'s Mot. 10–11.
[48] *Ford Motor Co.*, 592 U.S. at 362 (quoting *Bristol-Myers*, 582 U.S. at 262). Cleara suggests that the Tenth Circuit has adopted a proximate cause standard, *see* Defs.' Mot. 10, but that is incorrect. *See Dudnikov*, 514 F.3d at 1078–79 (outlining the various tests for relatedness and concluding that "[a]s between the remaining but-for and proximate causation tests, we have no need to pick sides today").

Utah residents, that was compiled in a database and sold to RentGrow, which provided the information to a property management company in Utah, that then denied Mr. Miller housing in Utah because of the information it was provided. Cleara's contacts with Utah are sufficiently related to Mr. Miller's claim; they are within the same causal chain and are not too attenuated for purposes of due process.

Finally, Cleara argues that the court's exercise of personal jurisdiction here would not comport with traditional notions of fair play and substantial justice.[49] Once a plaintiff has established sufficient minimum contacts, "it is incumbent on defendants to 'present a compelling case that the presence of some other considerations would render jurisdiction unreasonable.'"[50] Courts consider the following factors:

> (1) the burden on the defendant; (2) the forum state's interest in resolving the dispute; (3) the plaintiff's interest in receiving convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several states in furthering fundamental social policies.[51]

The showing required on these factors hinges on the strength of the plaintiff's showing with respect to the minimum contacts element.[52]

Cleara argues that the burden on it litigating a case in Utah is "considerable."[53] At best for Cleara, the court finds that this factor weighs slightly in favor of Cleara. The Tenth Circuit has held that it is burdensome for an Arkansas entity to litigate a case in Oklahoma when it had

---

[49] Def.'s Mot. 11–14.
[50] *Dudnikov*, 514 F.3d at 1080 (quoting *Pro Axess, Inc. v. Orlux Distribution, Inc.*, 428 F.3d 1270, 1280 (10th Cir. 2005)).
[51] *Dental Dynamics, LLC v. Jolly Dental Grp., LLC*, 946 F.3d 1223, 1229 (10th Cir. 2020).
[52] *Id.*
[53] Def.'s Mot. 13.

no other contacts there,[54] though it has also observed that modern transportation and communication lessen any burden significantly.[55] It will always be somewhat burdensome for an entity to litigate in a state in which it lacks a substantial presence; but, by choosing to direct its activities towards that state, the entity generally may accept that burden. This factor slightly favors Cleara.

Second, Cleara argues that Utah lacks an interest in resolving the dispute because "Cleara's actions did not cause injury."[56] "States have an important interest in providing a forum in which their residents can seek redress for injuries caused by out-of-state actors."[57] As discussed above, the Amended Complaint alleges a sufficiently close causal nexus between Mr. Miller's injury and Cleara's conduct for Utah to have at least some interest in providing a forum. This factor weighs slightly in favor of Mr. Miller.

The third factor "hinges on whether the Plaintiff may receive convenient and effective relief in another forum."[58] Cleara argues that because Mr. Miller's claim arises under federal law, his interests are protected equally in another forum.[59] Mr. Miller suggests that his right to relief would be hampered if he is required to travel.[60] The court concludes that Mr. Miller may receive effective relief in another forum, though it may be somewhat more inconvenient. This factor is neutral.

---

[54] *Dental Dynamics*, 946 F.3d at 1226–27, 1232.
[55] *See Pro Axcess*, 428 F.3d at 1280.
[56] Def.'s Mot. 13.
[57] *Pro Axess*, 428 F.3d at 1280 (quoting *OMI*, 149 F.3d at 1096).
[58] *Id.* at 1281 (quoting *OMI*, 149 F.3d at 1097).
[59] Def.'s Mot. 14.
[60] Pl.'s Opp'n 12.

The fourth factor "asks 'whether the forum state is the most efficient place to litigate the dispute.'"[61] This in turn depends upon the location of witnesses, where the acts complained of occurred, which state's substantive law will govern, and whether piecemeal litigation may arise.[62] Cleara argues that either Maryland or Massachusetts would be a more efficient forum.[63] And while it is true that many of its witnesses, and any witnesses from RentGrow, will be located either in Maryland or Massachusetts, any witnesses for Mr. Miller will be located in Utah. Neither party specifically addresses witnesses from the San Mario Apartments. Finally, the acts complained of took place across these three states. Because witnesses would be found in multiple states, this factor appears neutral.

The final factor asks whether the exercise of personal jurisdiction would affect the "substantive social policy interests of other states or foreign nations."[64] Cleara does not identify and social or policy interest implicated by Utah's exercise of jurisdiction. Accordingly, this factor is neutral.

The balance of these factors is neutral. Thus, Cleara has not made a case, compelling or otherwise, that the exercise of personal jurisdiction would offend traditional notions of fair play and substantial justice. Cleara also argues that "the sliding scale should require a very strong showing of the reasonableness [sic] to overcome the weak minimum contacts."[65] But this inverts the standard. Once Mr. Miller makes a prima facie showing of minimum contacts, it becomes

---

[61] *Pro Axess*, 428 F.3d at 1281 (quoting *OMI*, 149 F.3d at 1297).
[62] *Id.*
[63] Def.'s Mot. 14.
[64] *Pro Axess*, 428 F.3d at 1281 (quoting *OMI*, 149 F.3d at 1097).
[65] Pl.'s Opp'n 13.

Cleara's burden to make a "compelling case" that the exercise of jurisdiction is unreasonable. Cleara has not met that burden.

In sum, Mr. Miller has made out a prima facie case that Cleara had minimum contacts with Utah related to this case. Cleara did not set forth a compelling case that exercise of personal jurisdiction would be unreasonable. Accordingly, at this stage of the case, personal jurisdiction is proper.

## ORDER

For the forgoing reasons, the court DENIES WITHOUT PREJUDICE Defendant's motion to dismiss for lack of personal jurisdiction.[66]

Signed August 1, 2024.

BY THE COURT

David Barlow
United States District Judge

---

[66] ECF No. 38.